UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRADLEY BEYER, individually
and on behalf of others similarly situated,**

    **Plaintiff,**                                      Case No.: 8:18-cv-03119

v.

**CHARTER COMMUNICATIONS, INC.,**

    **Defendant,**
_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, BRADLEY BEYER, by and through his undersigned counsel, and on behalf of himself and all others similarly situated, and sues the Defendant, CHARTER COMMUNICATIONS, INC., and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Defendant, CHARTER COMMUNICATIONS, INC. (hereinafter referred to as "Defendant"), is a foreign profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

4.      Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

5.      Plaintiff, BRADLEY BEYER (hereinafter referred to as "Plaintiff"), is an adult and a resident of Pinellas County, Florida.

6.      Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employs Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7.      At all times material, Defendants willfully violated the Fair Labor Standards Act.

8.      Plaintiff has been required to retain the undersigned counsel to represent his in this action and is obligated to pay them a reasonable fee for their services.

9.      Plaintiff requests a jury trial on all issues so triable.

## FACTUAL ALLEGATIONS

10.     On or about December 11, 2006, Plaintiff began his employment with Defendant (f/k/a Bright House Networks) as an Advanced Broadband Specialist I.

11.     Plaintiff has held various positions throughout his employment

12.     In approximately September of 2017, Plaintiff began working as a Billing Support Analyst I.

13.     Plaintiff initially was compensated at an hourly rate for this position but a few months later, was converted to a salary and classified by Defendant as exempt.

14.     Plaintiff is currently still employed.

15. Defendant has misclassified Plaintiff as FLSA exempt.

16. At all times material herein, Plaintiff was paid on a salary basis.

17. At all times material herein, Plaintiff regularly worked in excess of forty (40) hours per week for Defendant and was not paid the required rate of time and one-half his regular rate of pay for each and every hour that he worked in excess of forty (40) hours in a work week.

18. Additionally, Plaintiff's pay was deducted when he took partial day absences.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – UNPAID OVERTIME

19. Plaintiff re-alleges paragraphs one (1) through eighteen (18) as though set forth fully herein.

20. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

22. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendant. 29 U.S.C. §207(a)(1).

23. The employment of Plaintiff provided for a forty (40) hour work week but, throughout his employment, Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

24. At all times material herein, Defendant failed to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., in that Plaintiff worked for the Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to

compensate Plaintiff at the rate of time and one-half (1½) his regular rate of pay for the hours worked over forty (40) in a work week.

25. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

26. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. § 207.

27. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

28. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

29. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, BRADLEY BEYER, respectfully requests that judgment be entered in his favor against Defendant, CHARTER COMMUNICATIONS, INC., including, but not limited to:

    a. Awarding Plaintiff overtime compensation in the amount due to his for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.    Awarding prejudgment interest;

    d.    Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Determining that the FLSA was violated and an adjudication on the merits of the case;

    f.    Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT ("FLSA") – COLLECTIVE ACTION

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-one (31).

33. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

34. At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendant in excess of the maximum hours allowed by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

35. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant in salaried positions during the applicable statute of limitations, who have: (1) been misclassified as FLSA exempt, (2) not been compensated at one and one-half times their regular rate of pay for all overtime hours worked, and (3) been docked pay when partial day absences are taken.

36. The putative class members are current, former, and future salaried employees of Defendant who have been misclassified as FLSA exempt and have worked in excess of forty hours in at least one work week during the past three (3) years.

37. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendant.

38. The names and addresses of the putative class members are available from Defendant for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

39. Defendant's failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

40. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, BRANDON BEYER, individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

  a. Designation of this action as a collective action on behalf of Plaintiff and all others similarly situated;

  b. Judgment against Defendant for overtime compensation, liquidated damages, and prejudgment interest;

  c. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

  d. An adjudication on the merits of the case; and

  e. Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

41.     Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury.

Dated this 28th day of December, 2018.

**FLORIN GRAY BOUZAS OWENS, LLC**

**/s/ Wolfgang M. Florin**
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
Primary:        wolfgang@fgbolaw.com
Secondary:    daniela@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQ.**
Florida Bar No.: 902004
Primary:        chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
*Trial Attorneys for Plaintiff*